L. Tegan Rodkey, Bar No. 275830
Price Law Group, APC
6345 Balboa Boulevard, Suite 247
Encino, California 91316
Phone: (818) 995-4540
Fax: (818) 995-9277
E-mail: tegan@pricelawgroup.com
Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Mary M. Moore<br><br>    Debtor. | Case No: 17-43188-RLE-13<br><br>Chapter 13<br><br>**DEBTOR'S MOTION FOR AN ORDER TO EXTEND THE AUTOMATIC STAY AS TO ALL CREDITORS PURSUANT TO 11 U.S.C. 362(c).**<br><br>Date: 1/17/2018<br>Time: 1:30 PM<br>Courtroom: 201<br>Place: 1300 Clay St. 2nd Floor<br>       Oakland, CA 94612 |

TO THE HONORABLE ROGER L. EFREMSKY, MARTHA G. BRONITSKY/CHAPTER 13 TRUSTEE, ALL LISTED CLAIMANTS AND ALL OTHER INTERESTED PARTIES:

Debtor, Mary M. Moore, seek an order, pursuant to 11 U.S.C. §362(c)(3)(B) to extend the automatic stay and request this Court within 14 days notice of hearing enter an order extending the Automatic Stay. This motion is supported by the declaration of debtor filed concurrently herewith. This motion seeks to extend the automatic stay to all creditors prior to January 28, 2018 (the 30th day following the filing of the petition).

### FACTS

1. Debtors filed this Chapter 13 case, case number 17-43188-RLE-13, on December 29, 2017.

-1-

2. Debtor, Mary M. Moore, had a prior case pending within the preceding one year of the filing of this case, the debtor's first case. Debtor's first case was filed on January 6, 2015, case number 15-40045CN13 and dismissed on December 22, 2017.

3. The debtor's first case was dismissed because she fell past due under the plan.

4. In late 2016 the debtor's father suffered a stroke and she had start caring for him. The debtor also had to help pay some of her father's monthly living expenses. The father's medical condition set the father and debtor back financially causing the debtor to fall behind on her plan payments.

5. The plan payments proposed in this Chapter 13 case is significantly lower and the debtor has the ability and the intention to continue making her payments.

6. Debtor is sincere in trying to complete a successful chapter 13 plan.

7. Debtor respectfully requests that this Court extend the automatic stay as to all creditors in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

Debtor in this instant case was in a prior Chapter 13 Case that was dismissed within one year immediately preceding the filing of this case as described in 11 U.S.C. §362(c)(3) and as such the stay would terminate on the 30th day after the filing of the later case pursuant to §362( c)(3) (A). Debtor however, moves the Court pursuant to §362( c) (3)(B) and accordingly submits the filing of the instant case is in good faith as to all creditors to be stayed.

Section 362(c)(3) (B) provides that the Court may extend the stay as to all creditors, upon motion of a party, after notice and hearing completed before the expiration of the 30-day period, "if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed" and Section 362 (c)(3)( C ) provides an array of circumstances in which the a presumption arises that the later case is not filed in good faith which may be rebutted by clear and convincing evidence.

Debtor rebuts said presumption and contends this instant case is filed in good faith notwithstanding the dismissal in the prior case within one year of the present filing pursuant to §362(c)(3)( C) (I) (I). There is no reason to conclude that the later case will not be concluded with a confirmed plan that will be fully performed so as not to trigger the bad faith presumption in §362(c)(3)( C)(i)(III)(bb).

Furthermore, since no secured creditor obtained an order for relief from stay in the prior case there is no prejudice to creditors that raises the presumption of bad faith contemplated by §362(c)(3)( C)(ii).

The stay may be continued if four minimum requirements are met: (1) a motion is filed, (2) there is notice and a hearing, (3) the hearing is completed before the expiration of the thirty day period and (4) the Debtor proves that the filing of the new case is in good faith as to the creditors to be stayed. *In Re Montoya* 342 B.R. 312 (Bankr. D. Cal 2006) at 315 citing *In re Charles ("Charles I")* 332 B.R. 538, 541 (Bankr. S.D. Tex. 2005). The court noted the movant bears the burden of establishing these minimum requirements citing *In re Charles ("Charles I")* 332 B.R. 538 at 541-542, Id.

The first three requirements are satisfied in this instance and the Motion has been served upon all creditors.

Although Section 362(c)(3) does not define good faith for the purposes of this determination, courts have followed reasoning that has been well-defined in pre-BAPCPA case law. In a January 2006 decision *In Re Ball*, 336 B.R. 268 (Bankr. D. NC 2006), the court adopted the "totality of circumstances test" for the purpose of determining whether a case is filed in good faith for the purposes of Section 362 ( c) (3) (B) and found the following factors relevant to the analysis of good faith under Section 362( c)(3)(B): "(1) the timing of the petition; (2) how the debt(s) arose; (3) the debtor's motive in filing the petition; (4) how the debtor's actions affected creditors (5) why the debtor's prior case was dismissed (6) the likelihood that the debtor will

-3-

have steady income throughout the bankruptcy case and will be able to properly fund the plan; and (7) whether the Trustee or creditors object to debtor's motion."; citing *In re Galanis*, 2005 Bankr. LEXIS 2392, 2005 WL 3454411 at *17 (footnote omitted).

The Debtor has no priority or unsecured debt. The plan proposes to pay all secured and administrative claims in full. The debtor was in her first chapter 13 plan for almost two years. She would have been able to continue making her chapter 13 plan payments timely if her father had not suddenly fell ill and required her care and financial assistance.

These facts more than warrant a finding of good faith and should the court view the dismissal as creating a presumption of bad faith, debtor submits these facts clearly and convincingly to rebut any such presumption as to both of the secured creditors.

## CONCLUSION

Since this Chapter 13 filing is not a bad faith filing, as it defined in Section 362 (c), this court should grant this motion to continue the automatic stay.

WHEREFORE, Debtor prays for the following:

1. That the Motion to continue the automatic stay as to all creditors be granted.
2. For such other relief as this Court deems appropriate.

Dated: January 2, 2018                    **PRICE LAW GROUP, APC**

_____
L. Tegan Rodkey
Attorney for Debtor